Susan L. Ferguson
State Bar No. 221772
4816 Arcola Avenue
Toluca Woods, CA 91601
Telephone: (818) 505-3844
Facsimile: (818) 505-3844

Attorneys for Plaintiffs
SUSAN L. FERGUSON
BRENT V. BERRY

FILED
DEC 09 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| SUSAN L. FERGUSON, an individual. BRENT V. BERRY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>TRUST HOLDING SERVICE COMPANY; OWNER MANAGEMENT SERVICE, LLC, and<br><br>DOROTHY MATSUBA, an individual<br><br>Defendants. | Case No. 1:12-bk-10231-MT<br><br>ADV. CASE NO _____<br><br>Chapter 7<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT (Section 523(a)(6))**<br><br>Status Conference:<br>Date: [To be set by Court]<br>Time:<br>Place: |

**TO THE HONORABLE MAUREEN TIGHE, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR OWNER MANAGEMENT SERVICE, LLC, DOROTHY MATSUBA:**

-1-

Plaintiffs, Susan L. Ferguson and Brent V. Berry, (Plaintiffs) through their attorney of record, Susan L. Ferguson, file this complaint (the Complaint) against Trust Holding Service Company, (THS), Owner Management Service (OMS), and Dorothy Matsuba, objecting to the Debtor's discharge and seeking a determination that Plaintiff's claims against Defendants are non-dischargeable. Plaintiffs respectfully represent as follows:

## PARTIES

1. This adversary proceeding arises under and relates to the Chapter 7 case of the Debtors, Case No. 1:12-bk-10231-MT, currently pending in the United States Bankruptcy Court for the Central District of California (the Bankruptcy Case.)

2. The Debtors commenced this Bankruptcy Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on or about January 9, 2012. The petition was thereafter involuntarily converted to a Chapter 7 Bankruptcy.

3. The Debtor, Dorothy Matsuba, an individual, and sole proprietor of THS and OMS resides in the State of California, County of Los Angeles.

4. Plaintiffs are individuals, the Plaintiffs in this Adversary Proceeding are creditors of the Debtor in the Bankruptcy Case.

## JURISDICTION

5. This is an adversary proceeding in which Plaintiffs are objecting to the discharge of Defendant, and seeking a determination that Plaintiffs' claims against Defendants are not dischargeable.

6. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. § 727.

7. This is a core proceeding under 28 U.S.C. § 727.

8.  Venue properly lies in this judicial district.

## NATURE OF THIS ACTION

9. On or about October 7, 2009 Plaintiffs filed a Complaint in the Superior Court of California, North Central District, seeking general damages, punitive damages, costs of suit, and attorney fees in excess of $100,000.00 in an action for unlawful rent skimming pursuant to California Civil Code Sections 890-894 in Case No. EC049118 (Original Complaint.) See Attached as **Exhibit A.**

10. Defendants prevailed on a motion for a nonsuit at the trial court level. The nonsuit was reversed by the California Court of Appeal, Second District, Division Four, in Case Number B230972. See Attached as **Exhibit B**. A remittitur was issued and the case is currently stayed in the Los Angeles Superior Court, Burbank Courthouse.

## CLAIM FOR RELIEF

**(For Determination of Nondischargeability of Debt
Pursuant to 11 U.S.C. § 523(a)(6) For Willful and Malicious Injury
caused by Unlawful Rent Skimming.)**

**Preliminary Allegations**

11. Plaintiffs incorporate by reference and reallege each of the allegations set forth in paragraphs 1 through 10, inclusive, as though set forth in full.

12. Plaintiffs were residing at 1417 N. Fairview Street, Burbank, California, 91505, pursuant to a lease agreement with Edge Property Management Inc., executed on July 27, 2006.

13. On or about November 30, 2006, while plaintiffs were residing at said property, Joseph Huynh, a 21 year old college student, fraudulently obtained an "owner occupied only" home loan from New Century Mortgage, as a "straw buyer" for Defendants and purchased the said property. Plaintiffs continued to pay rent to Edge Property Management, Inc.

-4-

14. On or about June 13, 2007, Joseph Huynh executed a grant deed to the "Huynh Fairview Trust" and appointed Defendants, THS and MATSUBA as trustee.

15. On or about August 1, 2007, Plaintiffs, at the direction of Defendants, began paying monthly rent directly to Defendants instead of Edge Property Management, Inc.

16. On August 3, 2007, approximately 7 months after the property was purchased by Huynh and 2 days after Huynh's interest was transferred to Defendants, Plaintiffs received a Notice of Default and Election to Sell. A Notice of Trustee Sale was received on or about November 4, 2007.

17. On or about July 15, 2008, the property was purchased in a non-judicial foreclosure trustee sale and Plaintiffs were evicted.

**Unlawful Rent Skimming**

18. Defendants THS and MATSUBA must comply with the provisions of Civil Code sections 890-894 (prohibitions against rent skimming.) Defendants THS and MATSUBA collected rent payments from Plaintiffs within a year of acquiring said property without first applying the rent to the mortgage.

19. Payments due under the Deed of Trust were two or more months delinquent when Defendants rented the property to Plaintiffs.

**20. Defendants relied on a fraudulent "Trust Agreement" in order to collect rent from Plaintiffs by forging Huynh's signature and the signature of Notary Alex Herrera.**

**21. Defendant MATSUBA committed perjury when she testified that Alex Herrera was not employed or associated with THS or OMS.**

22. As a result of the fraudulent rent skimming (i.e. failure to apply the rent monies collected to the mortgage), the property was purchased at a non-judicial foreclosure trustee sale.

23. On or about May 12, 2008, THS delivered a Notice to Vacate the premises to Plaintiffs. On or about July 15, 2008, AVELO purchased the house in a non-judicial foreclosure trustee sale. The same day, Deendants demanded that Plaintiffs turn over possession of the premises to them.

24. On or about August 6, 2008, AVELO delivered a notice to vacate the premises to Plaintiffs and demanded that they turn over possession of the premises to AVELO.

25. Between August 1, 2007 and July 31, 2008, Plaintiffs paid approximately $30,000.00 in rent monies to Defendants, and not a single penny was applied to the mortgage.

26. On or about January 1, 2007 through May of 2008, Defendants falsely and fraudulently represented to Plaintiffs that they were lawfully entitled to collect rent, and that they were purchasing the property.

27. From September 2007 through February of 2008, Defendants told Plaintiffs that the property was approved for a short sale, that they were purchasing the property, and that Plaintiffs's status as tenants would not change.

28. The representations made by Defendants were in fact false. The true facts are that a short sale was not approved, that Defendants fraudulently created the "Huynh Fairview Trust" for the unlawful purpose of defrauding creditors and in order to facilitate the unlawful collection of rent, with no intention of applying rent monies collected to the Deed of Trust.

29. In reliance on these representations, Plaintiffs were induced to and did continue residing in the property and paying rent to Defendants.

30. Defendants intentionally, wilfully, maliciously, and fraudulently acquired an interest in the Fairview property while it was occupied in order to collect rent from the tenants with no intention of ever paying the mortgage. Defendants wilfully and maliciously stalled the

foreclosure in order to continue profiting illegally from the rent monies collected. This is precisely what California Civil Code Sections 890 through 894 are designed to prohibit. In doing the acts herein alleged, defendants acted with oppression, fraud, and malice, and thus the debts and damages are not dischargeable pursuant to section 523(a)(6).

**WHEREFORE**, Plaintiffs respectfully pray as follows:

1. For Plaintiff's claims to be found not dischargeable pursuant to 11 U.S.C. §523 (a)(6).

2. For such other and further relief as the Court deems just, equitable and proper.

Dated: December 8, 2015

_____
Susan L. Ferguson
Attorney for Creditors/Plaintiffs

-7-

B1040 (FORM 1040) (12/15)

**RECEIVED**
**DEC - 9 2015**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
By_____ Deputy Clerk

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Susan L. Ferguson<br>Brent V. Berry | DEFENDANTS<br>Trust Holding Services Company<br>Owner Management Services<br>Dorothy Matsuba |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Susan L. Ferguson<br>4816 Arcola Avenue<br>Toluca Woods CA 91602 | ATTORNEYS (If Known)<br>Pro Se |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ according to proof |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Trust Holding Services Owner Management Services Debty McBsbt | BANKRUPTCY CASE NO. 1:12-bk-10231-MT |||
| DISTRICT IN WHICH CASE IS PENDING Los Angeles | DIVISION OFFICE Woodland Hills || NAME OF JUDGE M. Tighe |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE 12/8/15 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) Susan L. Ferguson ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.